# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CAPITAL ONE, N.A.,

       Plaintiff,

v.                                                          No. 1:19-cv-00959-JAP-LF

BETTY C. WALKER,

       Defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

**THIS MATTER** comes before the Court on Defendant's Notice of Removal from State Court to Federal Court Pursuant to 28 U.S. Code Section 1446, Doc. 1, filed October 11, 2019 ("Notice of Removal").

Plaintiff filed a complaint in Metropolitan Court, Bernalillo County, State of New Mexico, asserting a breach of contract claim alleging that Defendant defaulted in the payment obligation on a credit card that Plaintiff issued to Defendant. *See* Doc. 1 at 6-7. Plaintiff alleges that Defendant is indebted to Plaintiff in the amount of $8,477.12. *See id*. Defendant, who is proceeding *pro se*, removed the case to this Court. *See* Doc. 1.

A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction. *See* 28 U.S.C. § 1441(a).

> However, a federal court must remand a removed action back to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence.

*Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

Defendant states "the state court has no jurisdiction in this case she intends to counterclaim sue Defendants [sic] under the Fair Credit Reporting Act . . . and the Fair Debt Collection Practices

Act," and that her "counterclaim will be for $86,000.00 for the loss suffered as a direct result of plaintiff[']s violations of her rights under the FCRA and FDCPA."  Doc. 1 at 1-2.  Defendant "asserts diversity of citizenship."  Doc. 1 at 2.

The statute governing the procedure for removal of civil actions states:  "If removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  The sum demanded in the initial pleading, $8,477.12, is far less than the $75,000.00 amount in controversy required for jurisdiction based on diversity of citizenship.  *See* 28 U.S.C. § 1332(a).  Plaintiff has not alleged, and it does not appear from the complaint, that this action arises under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331 (federal question jurisdiction).  Because Plaintiff has not alleged facts that support jurisdiction, the Court must remand this case to Metropolitan Court, Bernalillo County, State of New Mexico.

**IT IS ORDERED** that this case is **REMANDED** to Metropolitan Court, Bernalillo County, State of New Mexico.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**